**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,** | § § § | |
| **Plaintiff,** | § § | **C.A. No. 2:15-cv-00579** |
| **v.** | § § | **JURY TRIAL DEMANDED** |
| **SPRINT CORPORATION, SPRINT SOLUTIONS, INC., SPRINT SPECTRUM L.P., BOOST MOBILE, LLC, ALCATEL-LUCENT S.A., ALCATEL-LUCENT USA, INC., ERICSSON INC., TELEFONAKTIEBOLAGET LM ERICSSON, APPLE INC., HTC CORPORATION, HTC AMERICA, INC., LG ELECTRONICS, INC., LG ELECTRONICS USA, INC., SAMSUNG ELECTRONICS CO. LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA LLC, ZTE CORPORATION, ZTE USA INC., and ZTE SOLUTIONS, INC.,** | § § § § § § § § § § § § § § § § § § § § § | |
| **Defendants.** | § § § | |

**PLAINTIFF CELLULAR COMMUNICATIONS EQUIPMENT LLC'S RESPONSE
IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS PLAINTIFF'S
CONTRIBUTORY INFRINGEMENT CLAIMS AND DEFENDANT ZTE (USA) INC.'S
<u>MOTION TO DISMISS PLAINTIFF'S CONTRIBUTORY INFRINGEMENT CLAIMS</u>**

## I.      INTRODUCTION

The First Amended Complaint (Dkt. No. 15) (the "First Amended Complaint") filed by Plaintiff Cellular Communications Equipment LLC ("CCE") contains detailed allegations that satisfy the pleading standards for its contributory infringement claim. Despite this, Defendants demanded that CCE specifically identify the hardware and software components that perform the patented methods before the case even begins. The *Twombly / Iqbal* pleadings standard does not require the level of specificity Defendants demand.

Notwithstanding, in an effort to bring an end to pre-answer motion practice, CCE has filed concurrently herewith a Motion for Leave to File a Second Amended Complaint that moots the need for the Court to consider Defendants' Motions. The Second Amended Complaint brings the contributory infringement allegations in line with those raised in the related CCE litigations, which Judge Mitchell recently found to satisfy the pleading standards. The Second Amended Complaint will resolve the issues raised in Defendants' Motions and should obviate the need for further consideration of this issue by the Court.

## II.     BACKGROUND

On September 16, 2015, Defendants Sprint Solutions, Inc., Sprint Spectrum, L.P., and Boost Mobile, LLC, Alcatel-Lucent USA, Inc., and Apple, Inc. filed a Joint Motion to Dismiss Plaintiff's Contributory Infringement Claims (Dkt. No. 47).  On October 5, 2015, CCE moved for additional time to respond to the Motion. (Dkt. No. 53). The basis for this extension was that CCE intended to seek leave to amend its contributory infringement allegations and believed the most efficient course of action was to make these amendments with the benefit of Judge Mitchell's ruling in the related CCE litigations. On October 19, 2015, Defendant ZTE (USA) Inc. filed a similar Motion to Dismiss Plaintiff's Contributory Infringement Claims (Dkt. No. 57).  On October 30, 2015, CCE filed a similar Motion to extend the deadline to respond (Dkt. No. 68).  On October

30, 2015, Judge Mitchell ruled that the contributory infringement allegations in the related CCE litigations satisfied the pleading requirements under *Twombly / Iqbal*. On November 3, 2015, CCE asked Defendants whether they would oppose a Motion for Leave to File a Second Amended Complaint (attached hereto as Exhibit A). The Second Amended Complaint (attached hereto as Exhibit B) brings CCE's allegations regarding contributory infringement in line with those that Judge Mitchell addressed in her ruling. As of November 6, 2015, Defendants Sprint Solutions, Inc., Sprint Spectrum, L.P., and Boost Mobile, LLC, Ericsson Inc., Telefonaktiebolaget LM Ericsson, Apple Inc., HTC Corporation, HTC America, Inc., Samsung Electronics Co. Ltd., Samsung Electronics America, Inc., and ZTE (USA) Inc. have informed CCE that they do not oppose CCE's Motion for Leave to File a Second Amended Complaint. The group of Defendants who have represented that they do not oppose Plaintiff's Motion for Leave to File a Second Amended Complaint includes all of the Movants except Alcatel-Lucent USA, Inc. (who was unable to provide a response before the filing of this Response). Defendants Alcatel-Lucent USA, Inc., LG Electronics, Inc., and LG Electronics USA, Inc. have represented that they will not be able to inform Plaintiffs until next week whether they oppose the Motion for Leave. To date, no Defendant has opposed the Motion for Leave.

## III.   LEGAL STANDARD

Motions to dismiss are procedural vehicles reviewed under regional circuit law. *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009). "In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted." *InMotion Imagery Techs. v. Brain Damage Films*, No. 2:11-cv-414-JRG, 2012 WL 3283371, at *1 (E.D. Tex., Aug. 10, 2012) (citing, among others, *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009)). Further, if a pleading is deficient, the Court has the authority to grant the pleading party leave to amend the pleading. *See Patent Harbor, LLC v. Dreamworks Animation SKG, Inc.*, No.

2

6:11-cv-229, 2012 WL 9864381, at *6 (E.D. Tex. Jul. 27, 2012) (granting leave to amend). "When considering a motion to dismiss under Rule 12(b)(6), a court must assume that all well-pleaded facts are true, and view those facts in the light most favorable to the plaintiff." *Achates Reference Publishing, Inc. v. Symantec Corp.*, 2:11-CV-294-JRG-RSP, 2013 WL 693955, at *1 (E.D. Tex. Jan 10, 2013), *report and recommendation adopted*, 2:11-CV-294-JRG-RSP, 2013 WL 693885 (E.D. Tex. Feb. 26, 2013).

While Fed. R. Civ. P. 8(a)(2) requires only that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, the Supreme Court clarified in its *Twombly* and *Iqbal* opinions that providing the "grounds of [the pleader's] entitlement to relief requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To this end, this Court has explained:

> [A] complaint must allege sufficient factual matter, accepted as true, to state a claim that is plausible on its face. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Patent Harbor*, 2012 WL 9864381, at *2 (citations to *Twombly* and *Iqbal* omitted).

The *Twombly / Iqbal* pleadings standard applies to allegations of indirect infringement. *See Patent Harbor*, 2012 WL 9864381, at *2. However, the Court should not view allegations of indirect infringement in a vacuum. Analysis of pleaded content is a "***context-specific task that requires the reviewing court to draw on its judicial experience and common sense***." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (emphasis added). Moreover, the *Twombly / Iqbal* pleadings standard does not mean that a plaintiff "must prove itself at the pleading stage." *Patent Harbor*, 2012 WL 9864381, at *4. To show contributory infringement, a complaint must establish (1) direct infringement; (2) knowledge of the patent by the accused infringer; (3) that the accused component has no substantial non-infringing uses; and (4) that the component is a material part of the

3

invention. *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010).

## IV.   ARGUMENT

The First Amended Complaint sufficiently pleads all four elements of its contributory infringement claim. Defendants do not dispute the sufficiency of the first two elements of CCE's contributory infringement allegation: (1) direct infringement and (2) Defendants' knowledge of the patent. Accordingly, the only issue before the Court is whether the First Amended Complaint sufficiently pleads that the accused component has no substantial non-infringing uses and that the component is a material part of the invention.

### A.   The First Amended Complaint Adequately Alleges that the Accused Components Are Material to Infringement and Do Not Have a Substantial Non-Infringing Use.

The First Amended Complaint supports the plausible inference that relevant hardware and software components of the accused devices have no substantial non-infringing uses. For each count, the First Amended Complaint includes language that specifically identifies the accused components and functionality. For each contributory infringement allegation, the First Amended Complaint alleges that such LTE Equipment includes "proprietary hardware components and software instructions that work in concert to perform specific, intended functions." *Id.* ¶¶ 43, 56, 69, 82, 95, 107. Further, for each patent-in-suit, the First Amended Complaint explains that the accused products contain hardware and software combinations that are specifically configured to perform the patented inventions *and* that such functionality has no non-infringing use. *Id.* ¶¶ 43, 56, 69, 82, 95, 107, Exs. A-F.

Further, the First Amended Complaint supports the plausible inference that relevant components of the accused devices are material to practicing the invention. *See, e.g.,* First Amended Complaint (Dkt. No. 15) ¶¶ 43, 56, 69, 82, 95, 107. Indeed, the standard for what constitutes a "material" part of an infringing combination is not high. 5 Donald S. Chisum, *Chisum*

*on Patents* § 17.04[4], at 17-90 (Matthew Bender Rel. 130-Nov. 2011) ("[T]he term 'material' does not seem to qualify significantly the requirement that the item in question be a 'part' of the 'invention' . . . . If the item is part of the invention and meets the other requirements of Section 271(c) . . ., then it will almost inevitably constitute a 'material' part of the invention."). As alleged, the accused hardware and software components are part of the invention. First Amended Complaint (Dkt. No. 15) ¶¶ 43, 56, 69, 82, 95, 107. Such allegations are sufficient to create the plausible inference that relevant components of the accused devices are material to practicing the invention.

      **B.**      **The Second Amended Complaint Moots the Need to Consider Defendants' Motions.**

Notwithstanding the sufficiency of the allegations of the First Amended Complaint, Plaintiffs have moved the Court to grant it leave to file the Second Amended Complaint. Assuming that the Court grants CCE leave to file the Second Amended Complaint, it will obviate the need for the Court to consider Defendants' Motions, given that the sufficiency of the allegations in the Second Amended Complaint are not at issue in the Motion. Nevertheless, the Second Amended Complaint will likely eliminate the need for the Court to consider this issue further. Judge Mitchell held that language from the related CCE litigations satisfies the *Twombly / Iqbal* pleadings standard, and the allegations in the Second Amended Complaint track both that language as well as the substance of Judge Mitchell's ruling. Thus, the Second Amended Complaint should eliminate any need for the Court to address this issue in the future.

**V.**      **CONCLUSION**

As set forth above, CCE requests that, upon granting it leave to file the Second Amended Complaint, the Court deny the instant Motions as moot. *See, e.g., Patent Harbor*, 2012 WL 9864381, at *6 (granting leave to amend).

Dated: November 6, 2015

Respectfully submitted,

*/s/ Terry A. Saad*
Jeffrey R. Bragalone (lead attorney)
Texas Bar No. 02855775
Monte Bond
Texas Bar No. 02585625
Terry Saad
Texas Bar No. 24066015
**BRAGALONE CONROY PC**
Chase Tower, 2200 Ross Ave., Suite 4500W
Dallas, Texas 75201
214-785-6670 Telephone
214-785-6680 Facsimile
jbragalone@bcpc-law.com
mbond@bcpc-law.com
tsaad@bcpc-law.com

Edward R. Nelson, III
Texas Bar No. 00797142
S. Brannon Latimer
Texas Bar No. 24060137
Thomas C. Cecil
Texas Bar No. 24069489
**NELSON BUMGARDNER, P.C.**
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
ed@nelbum.com
brannon@nelbum.com
tom@nelbum.com

Claire Abernathy Henry
Texas Bar No. 24053063
Thomas John Ward, Jr.
Texas Bar No. 00794818
**WARD, SMITH & HILL, PLLC**
PO Box 1231
1127 Judson Road, Suite 220
Longview, Texas 75606
Phone: (903) 757-6400
Fax: (903) 757-2323
claire@wsfirm.com
jw@wsfirm.com

*Attorneys for Plaintiff*
**CELLULAR COMMUNICATIONS
EQUIPMENT LLC**

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on this 6th day of November 2015. As of this date, all counsel of record that have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Terry A. Saad*
Terry A. Saad